```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

James Johannes Sharpe, et al.,   :

        Plaintiffs,     :    Case No. 2:13-cv-00187

  v.                               :    JUDGE MICHAEL H. WATSON

Sierra Leone Ministry of         :    Magistrate Judge Kemp
Surveys, Lands and Environment,
et. al.,                         :

        Defendants.     :

REPORT AND RECOMMENDATION

    By Order dated September 22, 2014, this matter was referred to the undersigned for an initial review and Report and Recommendation. (Doc. 22). More specifically, the Order directed the undersigned to "analyze preliminary issues raised by this case, perhaps such as whether the Court has jurisdiction over this case, whether any abstention doctrine warrants declining jurisdiction in this case, whether defendants were properly served, whether Miles Investments (S.L.) Ltd. is a proper defendant, or any other issues ... pertinent in this case at this posture." Id. at 2. On January 20, 2015, this Court issued a Report and Recommendation and Order, pursuant to which plaintiffs were ordered to: (1) file a brief, within twenty-one days from the issuance of the Report and Recommendation and Order, explaining how, based on the relevant law, the commercial activity exception to the Foreign Sovereign Immunity Act ("FSIA") applies to the particular facts of this case; (2) show cause, within fourteen days of the issuance of the Report and Recommendation and Order, as to why this action should not be dismissed against Miles Investments (S.L.) Ltd. ("Miles Investments") based upon plaintiffs' failure to effect proper service on that defendant in accordance with Rule 4(m); and (3)

show cause, within fourteen days from the issuance of the Report and Recommendation and Order, as to why this action should not be dismissed against Mr. Mohammed and the Estate of Jamil S. Mohamed. The Court noted that plaintiffs' filing pertaining to Mr. Mohammed and the Estate of Jamil S. Mohamed should be accompanied, if appropriate, by a request to enter default pursuant to Fed. R. Civ. P. 55, and a separate motion for default judgment. While the Court anticipated problems with plaintiffs' ability to enforce such a judgment against Mr. Mohamed and the Estate of Jamil S. Mohamed based on issues of personal jurisdiction, those issues were not before it for consideration.

On January 30, 2015, plaintiffs filed a response to this Court's recommendation stating that the Court "did not err" in its findings. (Doc. 24 at 1). Plaintiffs requested, however, that the District Judge adjust the damages total referred to in the Report and Recommendation. Thus, plaintiffs requested that District Judge "adjust the damages total, and adopt the Report and Recommendation...." Id. at 3. Also on January 30, 2015, plaintiffs filed a brief "explaining how, based on the relevant law, the commercial activity exception to the [FSIA] applies to the facts of this case." (Doc. 25). On February 3, 2015, plaintiffs filed a response to the show cause Order, explaining "why the case against Miles Investments Ltd. should not be dismissed for failure to effect proper service of process." (Doc. 26). On the same day, plaintiffs filed a motion for default judgment against Miles Investments, Bassem Mohamed and the Estate of Jamil S. Mohamed, and the Sierra Leone Ministry of Lands, Surveys and Environment. (Doc. 27).

On September 4, 2015, the District Judge issued an Order observing that, instead of filing any objections to this Court's findings, plaintiffs merely "note[d] an adjusted damage total and their plan to respond...." (Doc. 29 at 1). Because the deadline

for filing objections to the Report and Recommendation had passed and no such objections had been filed, the District Judge adopted the Report and Recommendation.  As to plaintiffs' motion for default judgment, the District Judge noted that plaintiffs moved for default judgment prior to obtaining an entry of default as required Fed. R. Civ. P. 55(a).  Consequently, the District Judge determined that a default judgment under 55(b) could not be entered at this juncture, and he denied the motion for default judgment without prejudice.

Consistent with the September 22, 2014 referral Order, this Report and Recommendation addresses plaintiffs' brief explaining how the commercial activity exception to the FSIA applies to the particular facts of this case.  It also addresses plaintiffs' response to this Court's Order to show cause as to why the case against Miles Investments should not be dismissed for failure to effect proper service of process.  After considering plaintiffs' supplemental briefs as to those issues, this Court will recommend dismissal of this action against Sierra Leone Ministry of Surveys, Lands and Environment on the ground that sovereign immunity bars this Court from hearing plaintiffs' claims against that defendant.  In addition, because plaintiffs have provided proof of waiver of service as to Miles Investments, the Court will not recommend dismissal for failure to effect proper service of process on that defendant.

## I. Background

Although the Court has done so previously, for ease of reference, the Court will provide a brief summary of the facts relevant to this case.  This case involves a dispute over real estate located in Sierra Leone.  In the amended complaint, plaintiffs James Johannes Sharpe and Ubadire Nathaniel Nwoko, both United States citizens, allege that they are owners of defendant Miles Investments, a Sierra Leone corporation.

Plaintiffs allege that Miles Investments leased a parcel of beach-front property identified as No. 18 Beach Road Tokeh Village, Sierra Leone from defendant the Sierra Leone Ministry of Surveys, Lands and Environment for purposes of establishing an industrial ice factory in the western area of Sierra Leone.  The lease was for a 21-year period, with an option to renew for an additional 21-year period.  Plaintiffs claim that, on July 1, 2008, Miles Investments started producing and distributing ice bars at the ice factory.

Plaintiffs further allege that defendant Bassem Mohamed, administrator and beneficiary of the estate of Jamil S. Mohamed, also a defendant in this action, subsequently brought an action in Sierra Leone High Court (Case No. CC 281/08), challenging Sierra Leone Ministry of Surveys, Lands and Environment's title of ownership in the property.  Plaintiffs assert that, on October 22, 2008, "the Sierra Leone High Court, in Case No. CC281/08 issued an interlocutory injunction that restrains Miles Investments, including Directors and Shareholders from doing anything on the land leased from the Sierra Leone Government." (Doc. 6 at 7).  Plaintiffs also allege that, on June 20, 2011, the Sierra Leone High Court granted possession of the property to Bassem Mohamed.  According to plaintiffs, between 2008 and 2011 and contrary to their requests, Sierra Leone Ministry of Surveys, Lands and Environment "took no action to defend its title of ownership to the land" which it leased to Miles Investments.  Id. Based on the foregoing, plaintiffs brought this lawsuit seeking to recover the funds invested in the ice project in Sierra Leone.

## II. Discussion

The Court first considers plaintiffs' brief explaining how the commercial activity exception to the FSIA applies to the particular facts of this case.  As this Court explained in its January 20, 2015 Report and Recommendation and Order, unless the

4

"direct effect" requirement of the commercial activity exception to the FSIA applies, sovereign immunity bars this Court from hearing plaintiffs' claims against the Sierra Leone Ministry of Surveys, Lands and Environment.  As this Court explained, the question is whether, under 28 U.S.C. §1605(a)(2), this case is based upon an act outside the United States in connection with the Sierra Leone Ministry of Surveys, Lands and Environment's commercial activity elsewhere which caused a direct effect in the United States.  "[A]n effect is 'direct' if it follows as an immediate consequence of the defendant's activity."  See Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 614, 112 S. Ct. 2160, 119 L. Ed.2d 394 (1992) (internal quotations omitted).

    In its Report and Recommendation and Order, this Court ordered plaintiffs to file a brief explaining how, based on the relevant law, the commercial activity exception applies to the particular facts of this case.  Plaintiffs filed a timely brief in which they argue that the actions of the Sierra Leone Ministry of Surveys, Lands and Environment caused them to suffer financial harm in the United States.  More specifically, they assert that the financial harm caused by the actions of the Sierra Leone Ministry of Surveys, Lands and Environment resulted in Miles Investments' inability to make timely payment on a loan in the United States, led to Mr. Sharpe's divorce, and led to the loss of an "investment-backed expectation of 21 years dividend...." (Doc. 25 at 11).

    As this Court explained in its Report and Recommendation and Order, financial injury in the United States alone is not a legally sufficient effect to satisfy the "direct effect" requirement of the commercial activity exception. See Antares Aircraft, L.P. v. Federal Republic of Nigeria, 999 F.2d 33, 36 (2nd Cir. 1993)("the fact that an American individual or firm suffers some financial loss from a foreign tort cannot, standing

5

alone, suffice to trigger the exception"); see also Odhiambo v. Republic of Kenya, 764 F.3d 31, 38 (D.C. Cir. 2014)("direct effect cases involving breaches or contract have turned on whether the contract in question established the United States as a place of performance").  Here, all of the legally significant acts took place in Sierra Leone.  More specifically, plaintiffs allege that the Sierra Leone Ministry of Lands, Surveys and Environment breached a contract which pertained to leasing property in Sierra Leone and failed to take action in Sierra Leone to defend its ownership interest in that property.  The only alleged direct effect in the United States arises from plaintiffs' monetary losses.  Thus, plaintiffs have failed to identify an act by the Sierra Leone Ministry of Lands, Surveys and Environment which caused a direct effect in the United States.  Consequently, the "direct effect" requirement of the commercial activity exception does not apply.  Because sovereign immunity bars this Court from hearing plaintiffs' claims against the Sierra Leone Ministry of Surveys, Lands and Environment, the Court will recommend dismissal of the case against that defendant.

The Court now turns to plaintiffs' response to this Court's Order to show cause as to why the case against Miles Investments should not be dismissed for failure to effect proper service of process.  Plaintiffs filed a response to this Court's Order on February 3, 2015 which attaches a waiver of the service of summons executed by Ubadire Nathaniel Nwoko on behalf of Miles Investments.  Because proof of the waiver has been filed with this Court, this Court will not recommend dismissal of Miles Investments for failure to effect proper service of process.

### III. Conclusion

Based upon the foregoing, this Court will recommend dismissal of this action against Sierra Leone Ministry of

Surveys, Lands and Environment on the ground that sovereign immunity bars this Court from hearing plaintiffs' claims against that defendant.  In addition, because plaintiffs have provided proof of waiver of service as to Miles Investments, the Court will not recommend dismissal of that defendant for failure to effect proper service of process.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/Terence P. Kemp
United States Magistrate Judge